**Miriam B. GREENBERG, Appellant,**

v.

**GIANT FOOD SHOPPING CENTER, INC.,**
a corporation, Appellee.

No. 2502.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 11, 1960.

Decided Feb. 26, 1960.

John E. Kennahan, Washington, D. C., with whom Joseph D. Bulman and Sidney M. Goldstein, Washington, D. C., were on the brief, for appellant.

William T. Clague, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant sued for damages for personal injuries resulting from a fall while she was a customer in one of appellee's stores located in Maryland. A jury returned a verdict against her and she has appealed, claiming errors of omission and commission in the trial court's instructions to the jury.

██ The record brought here contains neither a reporter's transcript of the testimony nor a statement of the evidence. The record consists only of the reporter's transcript of what occurred after the evidence was completed. Consequently we have no means of testing the correctness of the instructions, because instructions to the jury must of necessity be viewed in their relation to the entire evidence. Even if we were convinced that there was some technical deficiency in the charge, we still would not be able to determine whether such deficiency constituted reversible error. Accordingly we cannot consider the claimed errors in the instructions.

The only other claim of error relates to a statement made by the trial court to the jury at the conclusion of the charge. As the jury was about to retire to the jury room for deliberation, the court said:

"Now, ladies and gentlemen, the Court suggests that you retire to the jury room and elect a foreman or a forelady and start to deliberate in this case. If at 4:15—it is now 3:23—you have not reached a verdict, the Court will excuse you at that hour until Monday morning at 10:00 o'clock, at which time you will resume your deliberations if you do not reach a verdict today." [1]

██ Appellant says the court by these remarks imposed a time limit upon the jury within which to return its verdict. Of course no jury should be told that it should render its verdict within any specified time, but we do not read the court's remarks as imposing any time limitation or even suggesting that the jury return a verdict within any specified time. On the contrary, we think it plain that the court intended to say, and it was so understood by the jury, that the jury should take all time necessary for deliberation and that the jury would not be required to reach a verdict on that day. We think the whole import of the court's statement was simply to tell the jurors that if a verdict was not reached by 4:15, they would then be excused until the following Monday at which time their deliberations would be resumed. There was no error in this.

Affirmed.

1. The jury returned its verdict at 4:10 p. m.